UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT EDWARDS,**

      **Plaintiff,**

v.                                                                             Case No: 6:25-cv-429-PGB-RMN

**PURECARS TECHNOLOGIES, LLC,**

      **Defendant.**

_____/

## **ORDER**

This cause comes before the Court upon jurisdictional review.

### I. BACKGROUND

Plaintiff Robert Edwards ("**Plaintiff**") initiated this action against Defendant PureCars Technologies, LLC ("**Defendant**") by filing suit in state court on January 29, 2025. (Doc. 1-1 (the "**Complaint**")). Defendant removed the action to the instant Court, filing its Notice of Removal on March 12, 2025. (Doc. 1 (the "**Notice of Removal**")). Therein, Defendant asserts that the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and because "[c]omplete diversity exists" between Plaintiff and Defendant. (*Id.* ¶¶ 4–6).

In support of the complete diversity of the parties, Defendant asserts that, in the Complaint, Plaintiff—an individual—"alleges Florida residence for himself." (*Id.* ¶ 6 (citing Doc. 1-1, ¶ 4)). Next, Defendant states that it "is a limited liability

company [("**LLC**")] whose members are Delaware entities with principal places of business in California." (*Id.* ¶ 8 (citing Doc. 1-6)). Defendant attaches the affidavit of its Chief Executive Officer ("**CEO**"), Aaron Sheeks, in support of the aforementioned assertion. (*Id.* (citing Doc. 1-6 (the "**Affidavit**")).

In the Affidavit, Defendant's CEO attests to Defendant's corporate structure. (Doc. 1-6). The Defendant LLC's members are the following seven entities:

1. **Diversis Capital Management, LP**. This entity's "members include Diversis Capital Management GP, LLC and natural persons, who reside in California." (*Id.* ¶¶ 4–5).

2. **Diversis Capital Management GP, LLC**. This entity's "members are natural persons, who reside in California." (*Id.* ¶¶ 4, 6).

3. **PureCars Technology Holdings, LLC**; **PureCars Technologies Intermediate Holdings, LLC**; **PureCars Technologies Employee Holdings, LLC**; **Diversis Capital I Operations, LP**; and **Diversis PureCars Holdings, LLC**. These entities' "members are Delaware entities with principal places of business in California." (*Id.* ¶¶ 4, 7–11).

## II.    LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter

2

jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The Court applies the following principles to determine the citizenship of a party for diversity purposes. First, an individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). Residence alone is not enough. *Id.* (citation omitted).

Further, "corporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)). "Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business." *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1348 (M.D. Fla. 2019) (quoting *Asphalt Pavings Sys., Inc. v. S. States Pavement Markings, Inc.*, No. 3:18-cv-255-J-34JBT, 2018 WL 3067906, at *1 (M.D. Fla. Feb. 20, 2018)).

Additionally, a limited liability company is a citizen of each state of which a member of the company is a citizen. *Rolling Green*, 374 F.3d at 1022. As such, to

sufficiently allege an LLC's citizenship, a party must list *the citizenship of all the members of that entity*. *See, e.g.*, *id*. Lastly, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* at 1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)).

## III.   DISCUSSION

While the Notice of Removal appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 1, ¶¶ 5–7; Doc. 1-6).

First, Defendant fails to provide adequate information for the Court to ascertain the citizenship of the Plaintiff individual, since Defendant has merely described Plaintiff's state of residence and not Plaintiff's state of domicile. (Doc. 1, ¶ 6); *see Travaglio*, 735 F.3d at 1269.

Similarly, Defendant has failed to provide adequate information for the Court to determine the residency of any of Defendant's members. (*See generally* Docs. 1, 1-6). As to the individual members and partners of Diversis Capital Management, LP, and Diversis Capital Management GP, LLC, Defendant merely provides that these entities' own "members are natural persons who reside in California," without stating their place of domicile. (Doc. 1-6, ¶¶ 5–6); *see Travaglio*, 735 F.3d at 1269. Additionally, Defendant fails to name the individual members or partners of the aforementioned entities, and instead lumps them together by generically referring to them as the relevant entities' "members." (*See*

4

Doc. 1-6, ¶¶ 5–6). This practice is improper. *See Glyde Solar, LLC v. Green House Solar & Air, Inc.*, No: 8:21-cv-2731-CEH-AAS, 2021 WL 9594012, at *2 (M.D. Fla. Dec. 20, 2021) (holding that a plaintiff who generically alleges that an LLC's unnamed members reside in particular state(s) does not sufficiently establish the LLC's citizenship for diversity purposes).

As to Defendant's remaining members—PureCars Technology Holdings, LLC; PureCars Technologies Intermediate Holdings, LLC; PureCars Technologies Employee Holdings, LLC; Diversis Capital I Operations, LP; and Diversis PureCars Holdings, LLC (collectively, the "**remaining members**")—Defendant again fails to list the names of these entities' own members and partners. (Doc. 1-6, ¶¶ 7–11); *see Glyde Solar*, 2021 WL 9594012, at *2. Instead, Defendant merely provides that the remaining members' own "members are Delaware entities with principal places of business in California." (Doc. 1-6, ¶¶ 7–11). Thus, Defendant does not describe the nature of the entities at issue, much less provide the information needed for the Court to determine such entities' state(s) of citizenship for diversity purposes. (*See id*); *see also* discussion *supra* Section II.

As a result of the foregoing, Defendant fails to establish this Court's subject matter jurisdiction over this action.

## IV. CONCLUSION

Accordingly, Defendant PureCars Technologies, LLC, is **ORDERED TO SHOW CAUSE** on or before **April 2, 2025**, why this case should not be remanded for lack of subject matter jurisdiction. Failure to respond to this Order

or failure to establish that subject matter jurisdiction exists may result in the remand of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 26, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties